El Pueblo de Puerto Rico, demandante y apelado, *v.* Néstor Colón Medina, acusado y apelante.

No. 4089.—*Sometido:* Mayo 2, 1930. *Resuelto:* Mayo 27, 1930.

*R. Hernández Matos,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se sostiene en este caso en primer término que:

"La Corte de Distrito de Ponce cometió grave error al resolver como resolvió que la ordenanza No. 25 de la Serie de 1929, del Municipio de Ponce, no establece una contribución adicional o doble por el negocio de gasolina, desestimando por lo tanto la primera cuestión de derecho interpuesta por el acusado-apelante."

Argumentando el señalamiento alega el apelante, condenado como autor de una infracción a la ordenanza indicada, que las corporaciones municipales son entidades de facultades y poderes limitados, que únicamente tienen las atribuciones que les concede la ley que las crea y regula y organiza sus actuaciones, e invoca la sección 46 de la Ley Municipal vigente que faculta a los municipios para imponer arbitrios, impuestos o contribuciones, siempre que el objeto o materia de la contribución, arbitrio o impuesto no haya sido objeto de algún impuesto, arbitrio o contribución federal o insular, y la sección 84 de la Ley de Rentas Internas de 1925, que dice:

"Título Cuarto.—Licencias—Primera Parte—Negocios u ocupaciones Sujetos a la Licencia.

"Sección 84.—Cada tres meses toda persona dedicada a cualquiera de las ocupaciones o negocios relacionados en esta sección pagará por cada fábrica, sitio, establecimiento comercial o industrial,

la contribución que por concepto de licencias respectivamente prescritas, a saber:

"1.—*      *      *      *      *      *

"2.—*      *      *      *      *      *

"27.—Traficante al detall en gasolina o substituto de ésta, primera clase, quince (15) dólares; segunda clase, diez (10) dólares; tercera clase, cinco (5) dólares."

Basándose en todo ello el apelante sostiene que habiendo hecho ya uso el municipio de la facultad que le confirió la ley imponiendo una patente al acusado para dedicarse al negocio de garage en general que entre otras cosas comprende la venta de gasolina, no pudo imponerle de nuevo otra contribución por virtud de la ordenanza que se impugna.

Si la ordenanza impugnada impusiera una contribución sobre la venta de gasolina, tendría razón el apelante, pero que ello no es así resulta de la ordenanza misma.

Su título es como sigue:

"Ordenanza No. 25.—Serie de 1929.—Regulando la instalación de bombas de gasolina en las aceras de la ciudad e imponiéndoles un arbitrio por el uso de la antedicha propiedad pública."

Y su preámbulo dice:

"Por cuanto; es de necesidad pública que el Municipio de Ponce regule la instalación de bombas de gasolina en las aceras de la ciudad por lo que tales aparatos afectan el ornato y el tránsito públicos y por el uso de la propiedad comunal;

"Por cuanto; el Municipio necesita obtener recursos para la construcción y reparación de aceras, para el arreglo de calles y para otras obras y servicios urgentes de la comunidad."

Por su sección segunda dispone que para poderse instalar una bomba de gasolina en las aceras de la ciudad, el interesado deberá proveerse de una licencia o permiso expedido por el departamento de obras públicas municipales y que una vez obtenido el permiso, el interesado lo presentará al tesorero municipal, quien le extenderá un recibo de diez dólares, previo pago de dicha cantidad; y que ese permiso así expedido deberá ser devuelto por el peticionario a la oficina del

departamento de obras públicas una vez terminado el trabajo de instalación de la bomba y de su inspección por dicho departamento de obras públicas; y por la tercera impone los arbitrios de veinte y doce dólares, respectivamente, según se ocupe un sitio en la primera o en la segunda zona, como contribución anual, y, por trimestres adelantados, por la continuación del uso de dichas aceras durante el tiempo que sean ocupadas por el interesado con su bomba.

No es en tal virtud por la venta de la gasolina, sino por el uso exclusivo de una acera pública para beneficio de un negocio privado que el municipio cobra.

El uso de las aceras es para todos. El municipio las construye y mantiene con dinero del público para beneficio del público. Parece justo y es legal que si a una persona privada se permite un uso especial, esa persona pague por ese uso especial compensándole al público en general de la privación del uso con la disminución de la carga impuesta para la conservación.

█ El segundo y último error que se alega, se formula así:

"La Corte de Distrito de Ponce cometió grave error al resolver que la denuncia imputaba una infracción a la ordenanza municipal ameritada, desestimando por lo tanto la segunda defensa de derecho planteada por el acusado."

En la denuncia se dice que el acusado "voluntaria y maliciosamente viene operando una bomba de gasolina en la calle de la Villa . . . sin haberse provisto del recibo correspondiente de la tesorería municipal creditivo de haber satisfecho el arbitrio que regula la referida ordenanza."

La sección 5 de la ordenanza es como sigue:

"Toda persona o entidad que instalase una bomba de gasolina u operase la misma sin el debido permiso o que dejase de satisfacer la contribución impuesta de acuerdo con esta ordenanza, dentro de los quince días primeros de cada trimestre, será penada con una multa de diez (10) dollars, etc."

Creemos que si bien la denuncia pudo ser más clara y

precisa, de sus términos puede deducirse que se imputa al acusado la instalación de la bomba sin haber pagado la contribución impuesta por la ordenanza, que es lo que constituye la infracción.

*Debe confirmarse la sentencia recurrida.*